A judgment, in accordance with the above, will be signed upon presentation.

**Harry POLISH, Trustee in Bankruptcy of Edward F. Dougherty, Trading as Penn Plumbing and Heating Co., Bankrupt,**

v.

**JOHNSON SERVICE COMPANY (a corporation).**

Civ. A. No. 25593.

United States District Court
E. D. Pennsylvania.
June 11, 1959.

Melvin Lashner, Miller, Adelman & Lavine, Philadelphia, Pa., for plaintiff.

Meyer E. Maurer, Wexler, Mulder & Weisman, Philadelphia, Pa., for defend-ant.

EGAN, District Judge.

On August 30, 1957 Edward F. Dougherty, trading as Penn Plumbing and Heating Co., filed a voluntary peti-tion in bankruptcy in this district (Cause No. 25148). The defendant was a creditor of the bankrupt. During September of 1957, the defendant was notified of the filing of the bankruptcy petition and as to the time and place for filing its proof of claim and as to the first meeting of creditors on October 7, 1957. At that meeting, plaintiff was named trustee.

When the bankruptcy petition was filed, the bankrupt, a plumbing and heat-ing contractor, was engaged in the instal-lation of a heating system in a newly constructed parochial high school in Phil-

adelphia. The bankrupt had sub-contracted the installation of certain thermostatic heating controls to the defendant. When bankruptcy intervened, the bankrupt owed the defendant $3,645 for the services already performed. Thereafter the defendant refused to complete the sub-contract unless the owner paid it the amount due the defendant from the bankrupt. Since school was about to open and the thermostatic control system was a patented system that could only be completed by the defendant, the owner paid the $3,645. This sum was deducted by the owner from the sum owed to the bankrupt.

This suit was instituted by the trustee to recover from the defendant the $3,645 which is alleged to be an asset of the bankrupt's estate and was obtained by duress. As a result, it is averred that the defendant, a creditor of the bankrupt, has obtained full payment of its claim rather than a pro-rata share as other creditors.

The defendant has filed a motion to dismiss which is now before this Court alleging: (1) that the Court has no jurisdiction and (2) that the complaint fails to state a cause of action.

■ The factual situation related above presents a unique problem in the administration of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The prime objective of the Act is to secure equitable distribution of the bankrupt's assets among its creditors. This philosophy is indicated by many sections of the Act which frown on attempts to create preferences and to prevent fraudulent transfers.

■■ Once a petition in bankruptcy has been filed, all of the bankrupt's property passes into the custody of the bankruptcy court and is subject to its jurisdiction. This property of the bankrupt is said to be in *custodia legis* and neither the bankrupt nor its creditors can take any action with respect to it. Where a creditor secures the payment of his debt after the filing of the petition, he can be summarily ordered to turn over such property.

■ If the property is an intangible, such as a debt owed the bankrupt or a contract claim, it is said to be in constructive possession of the bankruptcy court so as to enable the court summarily to determine the rights of the parties with respect thereto. See 2 Collier on Bankruptcy (14th ed.) 480. The fact that a trustee chooses to seek the determination of the rights of the parties in a formal plenary suit, rather than by summary procedure, will not defeat the court's jurisdiction. 2 Collier on Bankruptcy (14th ed.) 459, and cases cited therein.

■ The method employed in recovering the asset for the bankrupt estate is immaterial. The evil aimed at is the depletion of the bankrupt's estate and allowing one creditor to secure full payment of his debt to the detriment of another. Adroitness of technique or the deviousness of accomplishment should not obscure the fact that the bankrupt's estate has been diminished or that one creditor has garnered a greater percentage of his claim than that to which he may be entitled.

Order

And Now, this 11th day of June, 1959, for the reasons stated above, it is hereby Ordered that defendant's motion to dismiss is Denied.